UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------- x

CURTIS SUMMIT,

                           Plaintiff,

     - against –

EQUINOX HOLDINGS, INC.,

                          Defendant.

------------------------------------------- x

**Civil Case No.:**

**COMPLAINT AND JURY DEMAND**

## INTRODUCTION

1. Plaintiff Curtis Summit ("Plaintiff" or "Mr. Summit") brings this action through his attorneys, Imbesi Law Group P.C. and Gary Wachtel, Esq., against Defendant Equinox Holdings, Inc. ("Defendant" or "Equinox"), seeking damages and other appropriate relief for his claims, including employment discrimination and unlawful policies and practices on account of age, in violation of his statutory, civil, and human rights under the Age Discrimination in Employment Act of 1967 (herein after "ADEA" or "29 U.S.C.A. § 623"), Article 15 of the Executive Laws of the State of New York, §290 *et. seq.*, including §296 as amended (hereinafter referred to as the "State HRL"), and Article I, Section 8 of the New York City Administrative Code, known as the New York City Human Rights Law, §8-101 *et. seq.*, ("City HRL").

## JURISDICTION AND VENUE

1

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction of the state law claims asserted pursuant to 28 U.S.C. § 1367, because the state law claims are related to the federal claims such that the state law claim arose out the same case or controversy as the federal law claim.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 as the events and conduct giving rise to this claim occurred in this District.

## PARTIES

5. Plaintiff Curtis Summit is a resident of New York, New York. Plaintiff is currently fifty-nine (59) years of age.

6. Defendant Equinox Holdings, Inc. is a foreign business corporation authorized to conduct business in the State of New York and does conduct business in the State of New York. It is a holding company that operates fitness clubs throughout the country, including in New York City.

7. Defendant is an "employer" as defined in the applicable federal, state and city statutory authorities.

8. Plaintiff is an "employee" as defined in the applicable federal, state, and city statutory authorities.

## STATEMENT OF FACTS

A. Background

9. Defendant is a luxury fitness corporation which own and operates over 300 fitness clubs worldwide, including 35 fitness clubs in New York.

10. In 1997, Plaintiff began working for Defendant as a boxing instructor.

11. Plaintiff is a former professional boxer.

12. By 2019, Plaintiff was teaching 11 fitness classes per week.

13. Plaintiff taught classes at several of Defendant's club locations throughout New York City.

14. Over his lengthy career, Plaintiff became a beloved instructor, who often received high praise from Defendant's members.

15. Other than an occasional complaint that the workout was difficult, from a member trying Plaintiff's workout for the first time, Plaintiff had no member complaints and no disciplinary history.

**B. Pretextual and Discriminatory Termination**

16. During the last year of his employment with Defendant, Plaintiff was treated differently from similarly situated younger employees.

17. For example, Tracey Grossman, the regional manager at Equinox's Wall Street fitness club, regularly required Plaintiff to perform tasks that younger, but otherwise similarly situated instructors, were not asked to do. For example, Ms. Grossman instructed Plaintiff to clean the boxing studio after class and monitor classroom attendance and tardiness, which was otherwise done by janitorial service or staff who greet and sign in members as members arrive.

18. Upon information and belief, younger instructors were not asked to perform additional tasks outside of teaching the fitness class.

19. Within the last year of his employment, Plaintiff observed younger instructors receive internal trainings. Plaintiff was excluded from receiving, and not offered, similar career-growth opportunities.

20. In December of 2019, Plaintiff taught a class at Defendant's Wall Street location. He went to the juice bar to order a "peanut butter split" smoothie. The juice bar employee responded that they did not have that flavor. Plaintiff asked if they had the ingredients to prepare the smoothie for him, which was regularly available at other club locations.

21. A male employee at the juice bar suggested a "sex on the beach" flavored smoothie. Plaintiff declined the offer and responded that he wanted the peanut butter drink and left the fitness club.

22. Approximately one week later, Plaintiff taught a class Defendant's Flatiron fitness club. When he went to the locker room after class, he found the contents of his locker room spilled all over the floor with his unlocked locker wide open.

23. Plaintiff questioned staff in the locker room, who are there to assist members, observe locker room activity , and maintain security and cleanliness,  who said they did not see anything and were unaware that there was clothing and other personal property strewn all over the floor.

24. Plaintiff then left the locker room to and sought a manager and spoke to the location manager, "Ryan," asking how his locker had become unlocked and opened and his belongings ended up on the floor without any locker room staff observing the incident, but Ryan did not have a response.

25. The next day, on or about December 20, 2019, Plaintiff was called into corporate headquarters.

26. First, Gerald Calvo and Ms. Grossman questioned Plaintiff about the locker room incident, where Plaintiff's locker had been unlocked and his personal belongings had been

tampered with. Plaintiff was not informed about whether an investigation had been opened and whether any information had been learned.

27. Next, Mr. Calvo and Ms. Grossman questioned Plaintiff about the juice bar incident and accused him of inappropriately yelling "sex on the beach" in the middle of the fitness club. Plaintiff denied yelling anything at all and explained what happened as described above. He reiterated that it was the name of a drink that a juice bar employee suggested, that he said no and left the fitness club.

28. Nothing further was discussed during the meeting. Plaintiff was then told that Defendant would consider the two incidents and respond to him after Plaintiff's upcoming vacation.

29. However, just a few hours later, Ms. Grossman called Plaintiff to inform him that his employment had been terminated. The phone call was disconnected, and Plaintiff did not receive any explanation of his termination after over twenty (20) years of employment.

### C. Terminated Based on Plaintiff's Age

30. Upon information and belief, Plaintiff was one of the oldest instructors employed by Defendant.

31. Most instructors are under the age of forty (40).

32. Most members that Plaintiff taught were teenagers, or in their twenties and thirties.

33. After Plaintiff's termination, he was replaced by significantly younger employees.

34. The classes Plaintiff taught for twenty (20) years are now being taught by employees nearly half his age.

35. Plaintiff's replacements continue to teach his signature classes which he created and designed for Defendant.

36. In January of 2020, over fifty (50) members of Defendant's fitness clubs sent an e-mail expressing their sadness and dissatisfaction with Plaintiff's abrupt and shocking termination.

## COUNT I
## DISCRIMINATION IN VIOLATION OF THE STATE HRL

37. Plaintiff hereby repeats and realleges all allegations set forth as if fully set forth herein.

38. Defendant is an "employer" as defined by the State HRL.

39. Plaintiff is an "employee" as defined by the State HRL.

40. The aforementioned acts of Defendant constitute unlawful age discrimination against Plaintiff, under the State HRL in violation of Article 15, § 290 *et. seq.* of the New York State Executive Laws and specifically § 296 thereof, which states that:

> It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age… of any person to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

41. Upon information and belief, younger employees, specifically those under the age of forty (40) were treated more favorably (i.e. not terminated) when involved in similar situations. Said adverse treatment was based upon Plaintiff's age rather than any non-discriminatory reason.

42. As a result of Defendant's violations of the foregoing statutory laws, it is liable to Plaintiff pursuant to State HRL § 297(9).

## COUNT II

**DISCRIMINATION IN VIOLATION OF THE CITY HRL**

43. Plaintiff hereby repeats and realleges all allegations set forth as if fully set forth herein.

44. Defendant is an "employer" as defined in the City HRL.

45. Plaintiff is an "employee" as defined by the City HRL.

46. The aforementioned acts of Defendant constitute unlawful discrimination against Plaintiff in violation of Chapter I, Title 8 of the Administrative Code of the City of New York, § 8-107 under the City HRL, which states that:

> It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age… of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

47. As set forth above, Defendant, by its conduct, discriminated against Plaintiff and forced Plaintiff to endure adverse employment actions affecting and altering the terms, conditions and privileges of their employment.

48. As a direct result of Defendant's discrimination, Plaintiff suffered significant losses of income and emotional distress.

49. As a result of Defendant's violations of the foregoing statutory laws, it is liable to Plaintiff pursuant to the City HRL § 8-502 for damages and such other remedies as may be deemed just and appropriate.

**COUNT III**
**DISCRIMINATION IN VIOLATION OF 29 U.S.C.A. § 623 ("ADEA")**

50. Plaintiff hereby repeats and realleges all allegations set forth as if fully set forth herein.

51. Defendant is an "employer" as defined in the ADEA.

52. Plaintiff is an "employee" as defined in the ADEA.

53. The aforementioned acts of Defendant constitute unlawful discrimination against Plaintiff in violation of Chapter 14, Title 29 of the United States Code Annotated, 29 U.S.C.A. § 623 under the Federal ADEA, which states that:

> It shall be an unlawful for an employer: (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age; (2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or (3) to reduce the wage rate of any employee in order to comply with this chapter.

54. As set forth above, Defendant by its conduct, discriminated against Plaintiff and forced Plaintiff to endure adverse employment actions affecting and altering the terms, conditions and privileges of his employment.

55. As a direct result of Defendant's discrimination, Plaintiff has suffered, and continues to suffer, significant emotional and financial damages.

56. As a result of Defendant's violations of the foregoing statutory laws, it is liable to Plaintiff pursuant to 29 U.S.C.A. § 623 for damages and such other remedies as may be deemed just and appropriate.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

a. Compensatory damages in an amount to be determined by a jury that is sufficient to compensate Plaintiff for all pain and suffering, humiliation, emotional distress, stress and mental anguish;

b. Economic damages in the form of back pay and compensation for lost benefits, plus pre-judgment interest;

    c. Damages in the form of front pay or reinstatement, plus pre-judgment interest;

    d. An award of punitive damages sufficient to deter Defendant from engaging in future unlawful conduct;

    e. Reasonable costs and attorney's fees; and

    f. Any further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable as of right by jury.

Dated: New York, New York
June 24, 2020

Respectfully submitted,

By: *Brittany Weiner*
Brittany Weiner, Esq.
Imbesi Law Group PC
1501 Broadway, Suite 1915
New York, NY 10036
Tel: (646) 767-2271
Fax: (212) 658-9177
Email: brittany@lawicm.com


Gary J. Wachtel, Esq.
450 7th Avenue
New York, New York 10123
Tel: (212) 371-6500