**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CURTIS SUMMIT,

                     Plaintiff,

    -against-

EQUINOX HOLDINGS, INC.,

                    Defendant.

Civil Matter No.: 20 Civ. 4905 (PAE)

### REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON BEHALF OF DEFENDANT EQUINOX HOLDINGS, INC.

JACKSON LEWIS P.C.
666 Third Avenue, 29th Floor
New York, New York 10017
(212) 545-4000

Diane Windholz
Kenneth D. Sommer

ATTORNEYS FOR DEFENDANT

# TABLE OF CONTENTS

**Page(s)**

TABLE OF CONTENTS.................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................ 1

ARGUMENT.................................................................................................................... 1

    POINT I ........................................................................................................................ 1

DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT DISMISSING PLAINTIFF'S
AGE DISCRIMINATION CLAIMS ................................................................................ 1

    A.    Plaintiff Cannot Establish an Inference of Discrimination Required to State a
        *Prima Facie* Case........................................................................................... 1

        1.    Plaintiff Abandoned Any Argument that the Pre-Termination Allegations
            Independently State a *Prime Facie* Claim of Age Discrimination under the
            ADEA or NYSHRL. ................................................................................ 1

        2.    The Admissible Evidence Does Not Support an Inference of
            Discrimination...................................................................................... 2

    B.    Plaintiff Cannot Rebut EHI's Legitimate, Non-Discriminatory Reason for His
        Discharge. ...................................................................................................... 4

        1.    Plaintiff's Threats of Violence – Even if Not Directed at Any Particular
            Individual – Constitute a Violation of EHI's Workplace Violence Policy. 4

        2.    Plaintiff Has Not Presented Evidence that a Reasonable Juror Could Find
            that Plaintiff's Age Played Any Role in His Termination......................... 5

            i.    Comments Regarding Plaintiff's Age Are Insufficient to Establish
                Pretext........................................................................................... 6

            ii.    Plaintiff's Argument That the Investigation Into The December 19,
                2019 Flatiron Club Incident was "Questionable" Because It Failed
                to Account for Witness Statements Is Meritless. .......................... 7

            iii.    Herrmann Did Not Know Plaintiff's Age When She Recommend
                His Termination for Breach of the Workplace Violence Policy..... 8

            iv.    The Fact that Employees Younger than Plaintiff Were Asked to
                Cover His Classes Does Not Establish Pretext. ........................... 9

    CONCLUSION ............................................................................................................ 9

## TABLE OF AUTHORITIES

Page(s)

**Cases**

Dietrich v. City of N.Y.,
  2020 U.S. Dist. LEXIS 130538 (S.D.N.Y. July 23, 2020)....................................................... 5

Downey v. Adloox, Inc.,
  789 F. App'x 903 (2d Cir. 2019) ........................................................................................... 2

Flanagan v. N. Shore Long Island Jewish Health Sys.,
  No. 11-CV-5246 (JFB)(SIL), 2014 U.S. Dist. LEXIS 139015
  (E.D.N.Y. Sep. 30, 2014)......................................................................................................... 7

Galabya v. N.Y.C. Bd. of Educ.,
  202 F.3d 636 (2d Cir. 2000)................................................................................................... 2

Golston-Green v. City of N.Y.,
  123 N.Y.S. 3d 656 (2d Dept. 2020) ..................................................................................... 2

Gross v. FBL Fin. Servs.,
  557 U.S. 167 (2009)................................................................................................................. 2

Hess v. Mid Hudson Valley StaffCo LLC,
  No. 16-CV-1166 (KMK), 2018 U.S. Dist. LEXIS 148597
  (S.D.N.Y. Aug. 29, 2018)......................................................................................................... 9

Kittrell v. City of N.Y.,
  No. 10-CV-2606 (NGG), 2013 U.S. Dist. LEXIS 77101
  (E.D.N.Y. Mar. 14, 2013)......................................................................................................... 7

Raspardo v. Carlone,
  770 F.3d 97 (2d Cir. 2014) ..............................................................................................2, 3

Testa v. CareFusion,
  305 F. Supp. 3d 423 (E.D.N.Y. 2018)................................................................................... 9

Timbie v. Eli Lilly & Co.,
  429 F. App'x 20 (2d Cir. 2011) ............................................................................................. 6

Yagudaev v. Credit Agricole Am. Servs.,
  2020 U.S. Dist. LEXIS 20328 (S.D.N.Y. Feb. 6, 2020)....................................................... 5

**Statutes**

Age Discrimination in Employment Act.............................................................................*passim*

New York State Human Rights Law......................................................................................1, 2, 4

New York City Human Rights Law……………………………………………………… 4

## PRELIMINARY STATEMENT

Plaintiff's bare bones opposition highlights the scarce evidence Plaintiff has adduced to support his claims beyond his own self-serving conjecture.   Based on Plaintiff's opposition papers, Plaintiff has abandoned any argument that he was subjected to any pre-termination discriminatory conduct.   Plaintiff's opposition also fails to set forth admissible evidence which could establish an inference of discrimination that his termination was related to his age.

Even if Plaintiff could establish a *prima facie* case of discrimination, he cannot rebut EHI's legitimate, non-discriminatory reason for his termination.   Specifically, Plaintiff's termination was solely based on his violation of EHI's workplace violence policy.   Plaintiff has not – and cannot – show that his termination was a pretext for age discrimination.   Significantly, Plaintiff admits that the individual who recommended his termination *did not even know his age*. Plaintiff's reliance on his own speculation as to the alleged motives of the decision makers is insufficient evidence from which a reasonable juror could find pretext.   Accordingly, Plaintiff's claims should be dismissed with prejudice.

## ARGUMENT

## POINT I

## DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT DISMISSING PLAINTIFF'S AGE DISCRIMINATION CLAIMS

### A.   Plaintiff Cannot Establish an Inference of Discrimination Required to State a *Prima Facie* Case.

#### 1.   Plaintiff Abandoned Any Argument that the Pre-Termination Allegations Independently State a *Prime Facie* Claim of Age Discrimination under the ADEA or NYSHRL.

As explained in EHI's initial motion papers, to state a *prima facie* case of age discrimination pursuant to the ADEA and NYSHRL, Plaintiff must establish that he sustained a

"'materially adverse change' in the terms and conditions of employment." <u>Galabya v. N.Y.C. Bd.</u> <u>of Educ.</u>, 202 F.3d 636, 640 (2d Cir. 2000) (internal citations and quotation marks omitted); <u>see</u> <u>also</u> <u>Golston-Green v. City of N.Y.</u>, 123 N.Y.S. 3d 656, 666 (2d Dept. 2020) (applying the identical standard to claims brought under the NYSHRL). In the Complaint and throughout this litigation, Plaintiff alleged that he was discriminated against by EHI on the basis of his age prior to his termination because he was asked to "clean" the boxing studio following his classes, required to monitor classroom attendance and tardiness and deprived of similar training opportunities as younger Group Fitness Instructors ("GFIs"). <u>See</u> DSOF at ¶ 35. In Plaintiff's opposition to EHI's motion for summary judgment, Plaintiff asserts that the only adverse action he suffered is his termination. <u>See</u> Dkt. No. 40 at p. 14 ("Here, the disputed issue is whether Plaintiff's termination occurred under circumstances giving rise to an inference of age discrimination."). As Plaintiff has abandoned his argument that the pre-termination conduct can independently state a *prima facie* case of age discrimination, the Court should dismiss Plaintiff's allegations of age discrimination pursuant to the ADEA and NYSHRL which Plaintiff previously asserted could be independently established based on the pre-termination claims.

   2.   <u>The Admissible Evidence Does Not Support an Inference of</u> <u>Discrimination.</u>

Considering the admissible evidence in this matter, Plaintiff has not adduced sufficient evidence to show an inference of discrimination can be drawn between his termination and his age.[1]  The Joint Statement of Undisputed Facts and Plaintiff's admissions in the 56.1

_____

[1] Several cases cited by Plaintiff in support of his argument that an inference of discrimination can be established are either inapposite or cite the incorrect causation standard. Indeed, since the Supreme Court's opinion in <u>Gross v.</u> <u>FBL Fin. Servs.</u>, 557 U.S. 167 (2009), claims of age discrimination under the ADEA and NYSHRL have required Plaintiff to establish "but-for" causation. <u>See, e.g.</u>, <u>Downey v. Adloox, Inc.</u>, 789 F. App'x 903, 905 (2d Cir. 2019) (holding ADEA and NYSHRL claims of age discrimination require "but-for" causation standard). Several of the cases quoted or cited by Plaintiff are either not age discrimination claims or cite to a causation standard other than "but-for" causation. By way of example only, the quoted language Plaintiff's cites from <u>Raspardo v. Carlone</u>, 770 F.3d 97 (2d Cir. 2014), <u>see</u> Dkt. No. 40 at p. 14, is not in the opinion at all, <u>see</u> <u>Raspardo</u>, 770 F.3d at 126, and

Statement belie any claim by Plaintiff that an inference of age discrimination can be drawn from his termination.  Significantly, the following facts are undisputed:

- EHI has a workplace violence policy prohibiting actual or threatened violence in the workplace and violations of this policy can lead to discipline, up to and including termination of employment; (see JSUF at ¶¶ 17-18)

- Ryan Echevarria, Front Desk Manager on Duty at the Flatiron Club, reported to EHI that Plaintiff "made threats to hit someone (looking at maintenance [staff members]) if he found out who [was responsible for removing his personal belongings from his lockers]"; (see JSUF at ¶ 43)

- At the time Tracey Grossman, Regional Director Group Fitness, received the email concerning the Flatiron Club locker room incident, she did not consider terminating Plaintiff; (see JSUF at ¶ 48)

- Stephanie Herrmann, Regional Director, People Services, did not know Plaintiff's age on December 20, 2019 when she emailed Matthew Herbert, Vice President, Global People Services, and David Ard, Chief People Officer, concerning the expected termination of Plaintiff or when she recommended Plaintiff be terminated based on the information gathered from the interview conducted by Grossman and Gerard Calvo, Director Regional Group Fitness, with Plaintiff; (see JSUF at ¶¶ 50-52, 63; DSOF at ¶ 27; Exhibit M)

- Defendant did not hire anyone to replace Plaintiff, and the nine instructors in New York City who were qualified to teach Plaintiff's former classes were all over the age of forty, including three over the age of fifty; (see JSUF at ¶¶ 67-68; DSOF at ¶ 31)

- In 2019, EHI discharged four other employees for making threatening comments and/or engaging in physical violence in the workplace.  Each of these other employees was younger than Plaintiff and two of these employees were in their twenties.  (see DSOF at ¶¶ 33-34).

Plaintiff has failed to adduce admissible evidence that could establish an inference that Plaintiff's age played a part in the decision to discharge him from employment or that similarly situated younger employees were treated differently than he was treated.  Accordingly, the Court

---

Raspardo is a sex discrimination case – not age discrimination. Id. at 125 (considering sex discrimination liability under Section 1983 claim).

should find that Plaintiff has failed to establish a *prima facie* case of discrimination and dismiss the claims with prejudice.

>    **B.**    **Plaintiff Cannot Rebut EHI's Legitimate, Non-Discriminatory Reason for His Discharge.**

Even if Plaintiff could state a *prima facie* case of age discrimination – which he cannot – EHI has set forth a legitimate, non-discriminatory reason for his discharge.  Plaintiff was terminated because he violated EHI's workplace violence policy.  Plaintiff argued in opposition that there is a dispute of fact as to whether Plaintiff's conduct constituted a violation of the workplace violence policy and whether this was the true reason for his termination.  Plaintiff's support for this position is belied by the undisputed factual record and is insufficient to meet his burden at the pretext stage.  Plaintiff cannot show that a reasonable juror could find that "but-for" his age, Plaintiff would not have been discharged as required to move forward with the ADEA and NYSHRL claims.  Nor can Plaintiff show that a reasonable juror could find that age played any role in the decision to discharge him as required to avoid dismissal of his NYCHRL claim.  Accordingly, the Court should grant EHI's motion for summary judgment and dismiss Plaintiff's claims with prejudice.

>    **1.**    **Plaintiff's Threats of Violence – Even if Not Directed at Any Particular Individual – Constitute a Violation of EHI's Workplace Violence Policy.**

Plaintiff asserts that he can establish pretext, in part, because his conduct at the Flatiron Club on December 19, 2019 did not constitute a violation of the workplace violence policy since he did not threaten a specific employee.  See Dkt No. 40 at p. 18.  Significantly, Plaintiff repeatedly testified that he was so upset about the removal of his personal belongings that he did not remember what he said during the December 19, 2019 incident in the Flatiron Club locker room.  See DSOF at ¶¶ 23, 26.  In fact, Plaintiff testified a number of times that it was possible

that he threatened to hit whomever touched his belongings, an admission which is supported by contemporaneous documentation. See DSOF at ¶¶ 23, 26; JSUF at ¶¶ 42-43. Plaintiff's distinction that he did not threaten anyone specifically has absolutely no import. It is absurd to suggest that a general threat of violence, not directed to any specific employee is permissible and does not violate EHI's workplace violence policy.[2] Accordingly, Plaintiff's argument that his conduct did not violate the workplace violence policy is without merit.

> **2.** **Plaintiff Has Not Presented Evidence that a Reasonable Juror Could Find that Plaintiff's Age Played Any Role in His Termination.**

Plaintiff asserts that a reasonable juror could find Defendant's explanation for terminating Plaintiff's employment was pretextual based on:

- Comments regarding Plaintiff's age and their temporal proximity to his termination;

- The "questionable" investigation which failed to account for witness statements;

- The recommendation to terminate Plaintiff before interviewing him about the incident; and

- Plaintiff's replacement by younger employees.

As described in detail below, each of these alleged bases, together or alone, fails to establish that a reasonable juror could find Defendant's decision to terminate Plaintiff for a violation of the workplace violence policy to be pretext for age discrimination. See Yagudaev v. Credit Agricole Am. Servs., 2020 U.S. Dist. LEXIS 20328, at *26 (S.D.N.Y. Feb. 6, 2020) (Engelmayer, J.) (holding plaintiff must meet the "but-for" causation standard for ADEA and NYSHRL claim); Dietrich v. City of N.Y., 2020 U.S. Dist. LEXIS 130538, at *18-*19 (S.D.N.Y. July 23, 2020)

---

[2] EHI's workplace violence policy prohibits employees and others from "behaving in a violent or threatening manner[,]" including "[t]threatening . . . behavior such as intimidation of or attempts to instill fear in another individual" and "behaviors that suggest propensity towards violence including . . . veiled threats of physical harm[.]" See Affidavit of Diane Windholz in Further Support of Equinox Holdings, Inc.'s Motion for Summary Judgment at Exhibit L at D000117.

(plaintiff must show that age must be a motivating factor to survive a motion for summary judgment on NYCHRL claims).

          i.        **Comments Regarding Plaintiff's Age Are Insufficient to Establish Pretext.**

        The comments Plaintiff identified as evidence of age animus are not sufficient to establish that Plaintiff's age played any role in his termination.  The relevant decision makers concerning Plaintiff's discharge were Herrmann, Grossman and Calvo.  See JSUF at ¶¶ 62-64, see also DSOF at ¶¶ 24-26.  It is undisputed that Herrmann was not even aware of Plaintiff's age when she recommended Plaintiff be discharged.  See DSOF at ¶ 27.  While Plaintiff alleges that Calvo and Grossman were aware of his age, Plaintiff has not presented any evidence which would support that but for their knowledge of his age, Calvo and Grossman would not have agreed with Herrmann's recommendation to discharge him for his violation of the workplace violence policy. Indeed, it is the undisputed testimony of Calvo that the reason for Plaintiff's termination was Plaintiff's threat of violence during the December 19, 2019 incident.  See Decl. of G. Calvo, Dkt. No. 35 at ¶¶ 38-39.  Plaintiff's argument is further undercut by his own testimony that, at the time of the December 19, 2019 incident at the Flatiron Club, Grossman was aware of Plaintiff's age, yet when she was informed of the incident she did not consider terminating Plaintiff's employment. See JSUF at ¶ 48.  Without more, Plaintiff's argument that age played any role in his discharge is entirely speculative and insufficient for a reasonable jury to find that Plaintiff can meet the "but for" causation standard required to avoid dismissal here.  See, e.g., Timbie v. Eli Lilly & Co., 429 F. App'x 20, 24 (2d Cir. 2011) (affirming grant of summary judgment for ADEA case where facially age-based comment, by plaintiff's supervisor, even "if made in relation to the employment decision at issue as well as the decision-making process[,] . . . was insufficient to allow [plaintiff] to carry her burden in showing that age-discrimination was the 'but—for'" cause of defendant's

decisions regarding concerning the alleged adverse action);  Kittrell v. City of N.Y., No. 10-CV-2606 (NGG), 2013 U.S. Dist. LEXIS 77101, at *49-51 (E.D.N.Y. Mar. 14, 2013) (granting defendant's motion for summary judgment even if comment made at termination meeting could be viewed as reflective of discriminatory animus because "no reasonable fact-finder could conclude, on the basis of the entire record, that defendants' explanation" was pretext for age discrimination).

Plaintiff's argument is further undercut by EHI's termination in 2019 of four younger employees, including two employees in their twenties, for making threatening comments and/or engaging in physical violence.  See DSOF at ¶¶ 33-34.

Second, Plaintiff's argument that the temporal proximity of the alleged ageist comments and his termination are sufficient to establish pretext is misguided.  While temporal proximity may be used to establish a *prima facie* case, "it is insufficient by itself to overcome a nondiscriminatory reason by demonstrating pretext."  Flanagan v. N. Shore Long Island Jewish Health Sys., No. 11-CV-5246 (JFB)(SIL), 2014 U.S. Dist. LEXIS 139015, at *36 (E.D.N.Y. Sep. 30, 2014).  Accordingly, Plaintiff's efforts to assert that temporal proximity is a basis for finding Defendant's legitimate, non-discriminatory reason for his discharge are pretextual should be rejected.

ii.      **Plaintiff's Argument That the Investigation Into The December 19, 2019 Flatiron Club Incident was "Questionable" Because It Failed to Account for Witness Statements Is Meritless.**

Plaintiff claims that pretext can be shown based on what he describes as the "questionable" investigation into the December 19, 2019 Flatiron Club locker room incident based in part on its failure to account for witness statements.  This argument is belied by the record.  It is undisputed that on December 19, 2019, Echevarria emailed a statement about Plaintiff's conduct that evening at the Flatiron Club locker room, describing Plaintiff as having "made threats to hit

someone (looking at maintenance [staff members]) if he found out who [was responsible for removing his personal belongings from his lockers]." <u>See</u> JSUF at ¶ 43. This email was forward to Herrmann that evening. <u>Id.</u> at ¶ 47.

At the investigatory interview with Calvo and Grossman on December 20, 2019, Plaintiff admitted to raising his voice and making a threat to hit whomever had removed his belongings from his locker at the Flatiron Club. <u>See</u> DSOF at ¶ 23. EHI's decision to discharge Plaintiff based on this information, without waiting for additional witness statements, does not suggest that Plaintiff's age played any role in the termination decision. Since Plaintiff admitted to making the threatening comments previously reported by Echevarria, there was no need to obtain additional statements confirming what Plaintiff had already admitted directly.

### iii.   <u>Herrmann Did Not Know Plaintiff's Age When She Recommend His Termination for Breach of the Workplace Violence Policy.</u>

Plaintiff asserts that he can establish pretext because there was a recommendation to terminate his employment prior to him being interviewed. This allegation is factually incorrect and does not support an argument that Defendant's conduct was pretext for age discrimination. While it is accurate that Herrmann emailed Herbert and Ard before Plaintiff's interview with Calvo and Grossman, <u>see</u> JSUF at ¶ 52, Herrmann's email did not recommend Plaintiff be discharged. Rather, Herrmann sought to advise Messrs. Herbert and Ard of Plaintiff's *expected* termination based on complaints made to EHI, including reports of Plaintiff's threatening behavior in the Flatiron Club locker room. <u>Id.</u> at ¶¶ 50-51. Herrmann did not make a recommendation to terminate Plaintiff's employment until *after* his interview with Calvo and Grossman where Plaintiff admitted to making a threaten of violence. <u>See</u> DSOF at ¶¶ 23, 25-26. Significantly, it is undisputed that at all relevant times *<u>Herrmann did not even know Plaintiff's age</u>*. <u>See</u> DSOF at ¶ 27; Exhibit M.

As Herrmann did not know Plaintiff's age at any relevant time, Plaintiff cannot establish that Herrmann's conduct could possibly be pretext for age discrimination.

>    iv.    **The Fact that Employees Younger than Plaintiff Were Asked to Cover His Classes Does Not Establish Pretext.**

Plaintiff's final argument that he was replaced by younger employees is similarly unavailing. "Plaintiff cannot defeat summary judgment merely by showing that [s]he was replaced by a younger employee. Typically, younger workers will replace older ones; this is an unremarkable phenomenon that does not prove discrimination." Hess v. Mid Hudson Valley StaffCo LLC, No. 16-CV-1166 (KMK), 2018 U.S. Dist. LEXIS 148597, at *52-53 (S.D.N.Y. Aug. 29, 2018). It is undisputed that after Plaintiff's termination and before COVID-19 required EHI to suspend group fitness classes, the nine GFIs who may have covered classes previously taught by Plaintiff were all over the age of forty, and three of the nine were over the age of fifty. See DSOF at ¶¶ 28-31. Significantly, at the time Defendant filed its initial brief in support of this motion, all nine of these GFIs are still employed by EHI, including the oldest GFI who is only three years younger than Plaintiff. Id. at 32. In these circumstances, where the replacement instructors are nearly the same age as Plaintiff, all within the same ADEA protected category and all are still employed by EHI, no reasonable juror could find that Defendant's decision to terminate Plaintiff because of a violation of the workplace violence policy was pretext for age discrimination. See, e.g., Testa v. CareFusion, 305 F. Supp. 3d 423, 436 (E.D.N.Y. 2018) (collecting cases that replacement by younger workers alone is insufficient to show pretext).

## CONCLUSION

For all the reasons set forth in Defendant's moving papers and for the foregoing reasons, Plaintiff's claims are without merit and the complaint must be dismissed with prejudice.

Dated: New York, New York
        October 15, 2021

                            Respectfully submitted,

                            JACKSON LEWIS P.C.
                            666 Third Avenue
                            New York, New York 10017
                            (212) 545-4000

                            By: */s Diane Windholz*_____
                                    Diane Windholz
                                    Kenneth D. Sommer

4839-7748-5311, v. 2