UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CURTIS SUMMIT,

                              Plaintiff,

                      -v-

EQUINOX HOLDINGS, INC.,

                              Defendant.

20 Civ. 4905 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

On July 21, 2022, the Court granted the motion of defendant Equinox Holdings, Inc. ("Equinox") for summary judgment on the age-discrimination claims of plaintiff Curtis Summit ("Summit") and directed the Clerk of Court to close this case. Dkt. 53. Equinox then submitted a bill of costs, Dkt. 55, to which Summit objected, Dkt. 56. The Court commissioned a response from Equinox, Dkt. 60, and a reply from Summit, Dkt. 64.

The Court has carefully reviewed the bill of costs, Summit's objections, and Equinox's response. Equinox asked the Clerk of Court to tax $2,239.90 in costs against Summit, reflecting $2,189.70 incurred in the reporting and transcription of a deposition and $50.20 incurred in photocopying documents for service on Summit by mail. Dkt. 55-2 at 1–2.

Summit objected, arguing that (1) more than $700 of the deposition-related costs are not recoverable; (2) Equinox did not provide documentation to support the per-page photocopying cost; and (3) the costs would significantly burden him given that he is currently employed on a part-time basis and had retained counsel on contingency. Dkt. 56 at 2–3. Summit also argued that imposing the costs would have a "detrimental chilling effect" on persons who might bring good-faith discrimination claims in the future. *Id.* at 4.

In response, Equinox defended some challenged deposition costs—for "Attendance" ($195), "Veritext Virtual Primary Participants" ($195), "Litigation Package – Secure File Suite" ($48), and "Veritext Exhibit Package" ($48.50)—as "appropriately charged . . . to permit the deposition to proceed remotely." Dkt. 60 at 1; *see* Dkt. 55-4. It also argued that Summit failed to provide evidence of his financial condition. Dkt. 60 at 2–3. Equinox did not directly address Summit's challenges to either the $261.75 deposition-related cost labeled as "Surcharge – Expert/Medical/Technical"[1] or the $50.20 photocopying charge. It did not contest his objection to the $28 delivery and handling charge. *Id.* at 2.

In reply, Summit reaffirmed his objections and attached an affidavit and recent bank account statements to support his claim of financial hardship. Dkt. 64 at 1–2. Summit there stated that he currently works as a boxing instructor and conducts approximately three private sessions a week, does not own a home or have a pension, and has "limited investment[] accounts and savings." Dkt. 64-1 ¶¶ 4–7. If costs are imposed, he stated, he would suffer "significant financial hardship." *Id.* ¶ 8.

Federal Rule of Civil Procedure 54 provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Thus, an award of costs is the rule, not the exception, because costs are considered an incident of judgment rather than a punitive measure." *Rowell v. City of New York*, No. 16 Civ. 6598 (AJN), 2022 WL 627762, at *1 (S.D.N.Y. Mar. 3,

---

[1] The deposition invoice attached to Equinox's bill of costs included a $261.75 charge labeled as "Surcharge – Expert/Medical/Technical." Dkt. 55-4. Equinox refers to the $261.75 figure in its response to Summit's objections, but attributes that cost to a different charge, "Litigation Package – Secure File Suite." Dkt. 60 at 1. The invoice, however, states that the "Litigation Package – Secure File Suite" charge was $48. Dkt. 55-4. Accordingly, the Court will credit Equinox as having justified the $48 charge, not the $261.75 charge.

2022) (citing *Moore v. County of Delaware*, 586 F.3d 219, 221 (2d Cir. 2009) (per curiam)). Under the local rules of this District, costs for depositions are taxable if the deposition was used by the Court in ruling on a summary judgment motion, as are costs for copies of papers. S.D.N.Y. Loc. Civ. R. 54.1(c)(2), (5); *see also* 28 U.S.C. § 1920 (clerk of a federal court may tax as costs any fees for transcripts and costs of making copies "necessarily obtained for use in the case").

"The decision to award costs pursuant to Rule 54(d)(1) and Local Rule 54.1 rests within the sound discretion of the district court." *Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 100 (2d Cir. 2006) (per curiam) (internal quotation marks omitted); *see, e.g.*, *Grewal v. Cuneo Gilbert & LaDuca LLP*, No. 13 Civ. 6836 (RA), 2020 WL 6273781, at *2 (S.D.N.Y. Oct. 26, 2020). "Although costs are generally awarded to a prevailing party as a matter of course[,] . . . the district court has the authority to review, adjust, or deny an award of costs." *Eldaghar v. City of New York Dep't of Citywide Admin. Servs.*, No. 02 Civ. 9151 (KMW), 2010 WL 1780950, at *1 (S.D.N.Y. May 4, 2010). "Among the equitable considerations that may be weighed by the Court are a plaintiff's indigence or financial hardship and a plaintiff's good faith in bringing the action." *Id.* (citing cases). "Courts in this circuit typically only deny costs based on indigency for plaintiffs who are unemployed or make just pennies an hour working in correctional facilities," and "routinely uphold the taxation of costs on individuals who are low-income and claim an inability to pay." *Rowell*, 2022 WL 627762, at *1 (citing cases); *see, e.g.*, *Vidal v. Lampon*, No. 16 Civ. 5006 (JCM), 2019 WL 10270262, at *2 (S.D.N.Y. Aug. 15, 2019) (plaintiff established indigency through representations that he received "minimal prison wages" and did not pay costs of his lawsuit); *Eldaghar*, 2010 WL 1780950, at *2 (plaintiff established indigency through sworn statements that he was unemployed, received income only through unemployment

benefits, and had incurred "several thousand dollars of debt"). "[A] plaintiff must provide documentary support of his financial hardship rather than conclusory statements summarizing his financial situation." *Rowell*, 2022 WL 627762, at *1.

Because Summit pursued his claims in good faith[2] and has demonstrated that imposition of the full costs sought would impose significant financial hardship, some reduction of the costs sought by Equinox is proper. Summit has demonstrated, through a sworn affidavit and bank account statements dating back to spring 2022, that he is currently employed on only a part-time basis and has limited financial assets. *See* Dkts. 64-1, 64-2. To be sure, such representations, while indicating that Summit will suffer financial hardship if ordered to pay the full costs sought, do not warrant a complete denial of costs. *See, e.g.*, *Rowell*, 2022 WL 627762, at *2 (upholding bill of costs because, *inter alia*, plaintiff declaring that he receives supplemental security income and cannot work more than 20 hours a week did not face "same financial hardship as those in which the court declined to award costs" and did not provide "specific documentation regarding the financial hardship he would face if he were ordered to pay . . . costs"); *Burchette v. Abercrombie & Fitch Stores, Inc.*, No. 08 Civ. 8786 (RMB) (THK), 2010 WL 3720834, at *4 (S.D.N.Y. Sept. 22, 2010) (finding plaintiff's financial situation insufficient basis on which to deny all costs to defendants where plaintiff was "employed on a part-time basis" and "represented by counsel throughout all proceedings"). Nonetheless, the Court finds a meaningful reduction of costs appropriate, especially in light of the "disparity of resources between the parties." *Eldaghar*, 2010 WL 1780950, at *2; *see also, e.g.*, *Grewal*, 2020 WL 6273781, at *3

---

[2] Courts in this District typically find good faith where a plaintiff's claims reach trial. *See, e.g.*, *Rowell*, 2022 WL 627762, at *2; *Vidal*, 2019 WL 10270262, at *2; *Eldaghar*, 2010 WL 1780950, at *3. There is no basis to find otherwise here. Although the Court granted summary judgment against Summit on his federal law claims, there is no reason to find that Summit brought his claims in other than good faith.

4

(denial of costs "especially appropriate" where plaintiff was "a *pro se* litigant who asserts that she is unemployed and has limited financial resources" and defendants were "well-established law firm and lawyers at that firm").

Accordingly, keeping in mind that "an award of costs is the rule, not the exception," *Moore*, 586 F.3d at 221, the Court exercises its discretion to reduce the bill of costs to only the $1,413.45 deposition-related charge for the original and certified transcript, *see* Dkt. 55-4 at 2. This reduction reflects the potential financial hardship that Summit would face were the full costs were imposed on him. It also reflects Equinox's failure to directly address Summit's objections to the $261.75 deposition-related charge and $50.20 copying costs and its decision to not contest Summit's objection to the $28.00 delivery and handling charge. The Clerk of Court is respectfully directed to enter a bill of costs in Equinox's favor in the amount of $1,413.45 and to resolve the motion pending at docket number 56.

SO ORDERED.

                                                                                      *Paul A. Engelmayer*
                                                                                      Paul A. Engelmayer
                                                                                      United States District Judge

Dated:  December 23, 2022
            New York, New York

5